UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY ALLEGRINO | : | |
| | : | |
|    Plaintiff, | : | CIVIL ACTION NO.: |
| | : | 3:14-cv-01865-VAB |
| v. | : | |
| | : | |
| STEVEN SACHETTI | : | JUNE 29, 2015 |
| | : | |
|    Defendant. | : | |

**RULING ON MOTION TO DISMISS**

**I.   INTRODUCTION**

Plaintiff Anthony Allegrino ("Plaintiff") filed a complaint (the "Complaint") alleging that Defendant Steven Sachetti ("Defendant") is in possession of Plaintiff's personal property. Plaintiff seeks replevin of the property, as well as damages for conversion and negligent infliction of emotional distress. Defendant moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, respectively. For the reasons that follow, Defendant's motion is DENIED.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

The Complaint sets forth the following allegations, which the Court must accept as true at this stage. *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

Plaintiff owns a wooden shipping crate (the "Crate") containing an exhibition poster for a Jackson Pollock[1] painting (the "Poster"). Compl. ¶¶ 6, 8, ECF No. 1. The Crate and its contents are in Defendant's possession and located on Defendant's land.

---

[1] Jackson Pollock (1912-1956) was an American painter of the abstract expressionist movement known for his "drip" style. *See* Stella Paul, *Abstract Expressionism*, METROPOLITAN MUSEUM OF ART, http://www.metmuseum.org/toah/hd/abex/hd_abex.htm (last visited June 16, 2015).

1

*Id.* ¶¶ 4, 11.  Plaintiff estimates the market value of the Crate and its contents to be approximately $60.  *Id.* ¶ 12.

Plaintiff owns and possesses a Jackson Pollock painting that, according to "experts at Sotheby's in New York City," is worth between $80 million and $150 million "if officially authenticated by an expert and placed for sale."  *Id.* ¶¶ 16, 33.  The Poster inside the Crate is "a priceless piece of evidence which provides possibly the only verifiable provenance for this same Jackson Pollack painting being officially authenticated which would have a value in the millions."  *Id.* ¶ 15.

Plaintiff asked Defendant for permission to enter onto Defendant's land to retrieve the Crate, but Defendant refused.  *Id.* ¶¶ 17, 18.  Defendant claims that the Crate is not on his land.  *Id.* ¶ 19.  Plaintiff claims that the Crate is "in plain view on Defendant's land . . . from an adjacent parcel and the general area" and that he has "recently seen" the Crate on Defendant's land.[2]  *Id.* ¶ 21.

Plaintiff seeks replevin of the Crate and its contents, *id.* ¶ 37, damages for conversion "in an amount to be determined at trial," *id.* ¶ 47, and $500,000 in damages for negligent infliction of emotional distress, *id.* ¶ 52.

## III.  DISCUSSION

Defendant moves under Rule 12(b)(1) to dismiss the Complaint for lack of subject matter jurisdiction on the ground that diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000.  Mot. Dismiss at 5-9,

---

[2] Shortly after Plaintiff filed the Complaint, Defendant notified the Court that, on December 20, 2014, he and Plaintiff entered into a written agreement under which Defendant agreed to allow Plaintiff to search his land for the Crate on the condition that Plaintiff withdraw this lawsuit.  (Notice at 1-2, ECF No. 28.)  Plaintiff did not find the Crate.  (*Id.* at 1.)  However, Plaintiff claims that Defendant did not allow him to see a portion of Defendant's land where Plaintiff claims the Crate is located.  (Mem. Law Opp. Mot. Dismiss at 1, ECF No. 26; Tr. Show Cause Hearing at 48:22–51:24, ECF No. 21.)

ECF No. 16.  Defendant also moves under Rule 12(b)(6) to dismiss (1) the negligent infliction of emotional distress claim and (2) either the conversion claim or the replevin claim on the ground that, in a replevin action under Connecticut law, a plaintiff may maintain only a replevin claim or a conversion claim.  *Id.* at 4-5.

As an initial matter, Plaintiff argues that Defendant's motion is improper because Defendant filed a responsive pleading before filing his Rule 12(b) motion.  Mem. Law Opp. Mot. Dismiss at 4, 8-9; s*ee* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").  It seems that Plaintiff is referring to the notice, dated December 23, 2014, that Defendant filed regarding Plaintiff's inspection of Defendant's land.  *See* Notice at 1, ECF No. 28.  That notice is not a responsive pleading because it does not state Defendant's defenses or admit or deny the allegations in the Complaint.  *See id.*; Fed. R. Civ. P. 8(b). Defendant's motion is proper.

  **A.**  **Standards of Review**

    **1.**  **Plaintiff's *Pro Se* Status**

The Court notes that Plaintiff is proceeding *pro se*, but was an attorney before the State Bar of California disbarred him.  Tr. Show Cause Hearing at 14:13-24, 57:22-25, ECF No. 21; State Bar of California, Attorney Profile, Anthony Joseph Allegrino II, http://members.calbar.ca.gov/fal/Member/Detail/200905 (last visited June 11, 2015). Courts have declined to construe liberally the pleadings of former attorneys appearing *pro se.  See, e.g.*, *Presnick v. Bysiewicz*, 297 F. Supp. 2d 431, 433 (D. Conn. 2003) ("While pro se complaints are held to less exacting standards than pleadings drafted by lawyers, plaintiff, a former attorney, is not entitled to the considerations accorded a

3

typical pro se plaintiff."); *Bertucci v. Brown*, 663 F. Supp. 447, 449 (E.D.N.Y. 1987) (former attorney proceeding *pro se* was "not entitled to the considerations accorded a typical *pro se* plaintiff"). Although Plaintiff is not a typical *pro se* litigant, the Court will, in an abundance of caution, afford him some leeway. *See In re Osborne*, No. 13-CV-8211 CS, 2014 WL 2738558, at *2 n.5 (S.D.N.Y. June 17, 2014) (noting that it was unclear whether former attorney proceeding *pro se* was entitled to "the special solicitude afforded to *pro se* litigants," but treating him as a *pro se* litigant "out of an abundance of caution") *aff'd*, 594 F. App'x 34 (2d Cir. 2015).

### 2. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008)) *aff'd*, 561 U.S. 247 (2010). To survive a Rule 12(b)(1) motion, a plaintiff has the burden of proving by a preponderance of the evidence that jurisdiction exists. *Id.* "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff . . . but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (internal quotation marks and citations omitted) (alteration in original). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Id.*

### 3. Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

In determining whether the plaintiff has met this standard, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party, *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007), and generally may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

### 4. Order of Rulings

Faced with a Rule 12(b)(1) motion and a Rule 12(b)(6) motion, this Court must resolve the former first. *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed

5

jurisdiction over the controversy."); *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) ("Where, as here, the defendant moves for dismissal under Rule 12(b)(1), Fed.R.Civ.P., as well as on other grounds, 'the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.'") (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (1969)); *Magee v. Nassau Cnty. Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998) ("A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction.").

### B.     Rule 12(b)(1) Motion

Diversity jurisdiction exists where the matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).

It is undisputed that the parties are citizens of different states.  (Compl. ¶¶ 1-2; Mot. Dismiss at 7.)  Defendant, however, contends that the amount in controversy does not exceed $75,000.  (*Id.* at 5-9.)

A party invoking diversity jurisdiction "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.  *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).  "The burden is hardly onerous, however, for we recognize 'a rebuttable

presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" *Id.* (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)).  To overcome that presumption, the party challenging jurisdiction must show "'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold."  *Id.*  "'[T]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim.'"  *Id.* (quoting *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070-71 (2d Cir. 1996)) (alteration in original).  "'[E]ven where [the] allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted.'"  *Id.* (quoting *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982)) (alterations in original).

Defendant notes that Plaintiff admitted in the Complaint that the Crate and its contents have a market value of only $60.  Mot. Dismiss at 7-8; Compl. ¶ 12.  Defendant further argues that damages for conversion are limited to the fair market value of the converted item, and therefore Plaintiff's conversion claim cannot push the amount in controversy over $75,000.  Mot. Dismiss at 8.  Defendant, however, ignores Plaintiff's allegation of $500,000 in damages in connection with his negligent infliction of emotional distress claim.  Compl. ¶ 52.  Defendant ignores that figure presumably because he contends that Plaintiff's emotional distress claim cannot be maintained in a replevin action under Connecticut law.  *See* Mot. Dismiss at 5.  Thus, the argument goes, it is a "legal certainty" that Plaintiff cannot recover more than $75,000 in this matter.  *See id.* at 9.

For that proposition, Defendant relies on section 52-522 of the Connecticut

General Statutes, which provides:

> In an action of replevin, no cause of action, except of replevin or for a conversion of the goods described in the writ of replevin, may be stated. The pleadings in such action shall conform to the requirements of pleadings in civil actions so far as such requirements may be consistent with the substantive rights secured by this chapter.

Conn. Gen. Stat. § 52-522 (2015).

Connecticut's appellate courts have not construed § 52-522, but Connecticut trial courts agree that it prohibits a replevin complainant from asserting any claims other than replevin and conversion. *E.g.*, *Rapuano v. Rapuano*, No. CV010278120, 2001 WL 1332431, at *1 (Conn. Super. Ct. Oct. 12, 2001) ("Since General Statutes §§ 52-522 and 52-524 forbid the commingling of an action of replevin with any other cause of action except conversion of the goods described in the writ, the parties may not pursue other causes of action in this matter except those sounding in replevin or conversion.") (internal citations omitted); *Leasing Techs. Int'l, Inc. v. Uniscribe Prof'l Servs., Inc.*, No. CV010181875, 2001 WL 1659225, at *2 (Conn. Super. Ct. Nov. 30, 2001) (striking breach of contract claim brought alongside replevin claim).

It is well-established, however, that "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The question is whether § 52-522 is substantive or procedural.

Although "[c]lassification of a law as 'substantive' or 'procedural' . . . is sometimes a challenging endeavor," *Gasperini*, 518 U.S. at 427, it is "usually unproblematic" when the conflict is between a state law and a Federal Rule of Civil Procedure: "[i]t is settled that if the Rule in point is consonant with the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution, the Federal Rule applies regardless of

8

contrary state law," *id.* at n.7.  *See also Hanna v. Plumer*, 380 U.S. 460, 471 (1965) ("When a situation is covered by one of the Federal Rules . . . the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.").  Indeed, where the conflict is one between a state law and a Federal Rule of Civil Procedure, the Court need not apply traditional *Erie* principles.  *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010) ("We do not wade into *Erie*'s murky waters unless the federal rule is inapplicable or invalid."); *Hanna*, 380 U.S. at 469-70 (it is an "incorrect assumption that the rule of Erie R. Co. v. Tompkins constitutes the appropriate test of the validity and therefore the applicability of a Federal Rule of Civil Procedure.").

In this case, Federal Rule of Civil Procedure 18(a) applies.  That Rule provides that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  It reflects the federal judiciary's "obvious interest in every litigation in having the whole case tried at one time."  *Hargrave v. Oki Nursery, Inc.*, 646 F.2d 716, 720 (2d Cir. 1980); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").  Thus, the state law at issue provides that a party asserting a claim for replevin cannot join as many claims as he has against his opponent, while the Federal Rule at issue provides that he can.

In determining whether there is a conflict between a state law and a Federal Rule, the Court asks whether they "attempt[] to answer the same question." *Shady Grove*, 559 U.S. at 399; *see also Burlington N. R. Co. v. Woods*, 480 U.S. 1, 4–5 (1987) ("The initial step is to determine whether, when fairly construed, the scope of [the Federal Rule] is 'sufficiently broad' to cause a 'direct collision' with the state law or, implicitly, to 'control the issue' before the court, thereby leaving no room for the operation of that law.") (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50 & n. 9 (1980)). Following these principles, the Court concludes that § 52-522 and Rule 18(a) are in direct conflict. Section 52-522 answers the question of whether a party can join claims to his replevin suit, and Rule 18(a) answers the question of whether a party can join claims to any suit, including a replevin suit. Thus, the scope of Rule 18(a) is sufficiently broad to control the issue before the court, and leaves no room for the operation of § 52-522.

Because the two provisions conflict, this Court is "instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions." *Hanna*, 380 U.S. at 471. Applying that test, the Supreme Court has already determined that "rules allowing multiple claims . . . to be litigated together are . . . valid. See, *e.g.*, Fed. Rules Civ. Proc. 18 (joinder of claims) . . . ." *Shady Grove*, 559 U.S. at 408. Accordingly, the Court must apply Rule 18(a). Therefore, Plaintiff may join his claims for replevin, conversion, and negligent infliction of emotional distress.[3]  *See, e.g.*, *Har-Pen Truck Lines, Inc. v. Mills*,

---

[3] While this Court has not previously addressed the question of whether § 52-522 prohibits a party asserting a Connecticut law replevin claim in federal court from asserting non-replevin and non-

10

378 F.2d 705, 708-09 (5th Cir. 1967) (federal joinder rules trumped Georgia statute prohibiting joinder of contract and tort claims); *Midwest Fin. Acceptance Corp. v. Se-Fish Assocs.*, No. 99-CV-0417E(H), 2000 WL 743993, at *4 (W.D.N.Y. June 7, 2000) (Rule 18 trumped New York law requiring creditor to choose between action to foreclose mortgage and action to recover on underlying note); *cf. Hargrave*, 646 F.2d at 722 (New York law did not prohibit court from considering claims asserted alongside fraud claim because all claims were part of same "action" as that term is used in 28 U.S.C. § 1332).

The Court is not "wholly blind" to the fact that a party asserting a Connecticut law replevin claim can have a very different looking lawsuit depending on whether he files in federal court or state court, and is aware that that fact may encourage forum shopping, which defeats one of the twin aims of *Erie*. *Hanna*, 380 U.S. at 468, 473 ("[A] court, in measuring a Federal Rule against the standards contained in the Enabling Act and the Constitution, need not wholly blind itself to the degree to which the Rule makes the character and result of the federal litigation stray from the course it would follow in state courts"; "the twin aims of the *Erie* rule . . . [are] discouragement of forum-shopping and avoidance of inequitable administration of the laws."). But the *Erie* rule was created to address the circumstance of a conflict between a state law and a federal law, *id.* at 473, and the Court need not "wade into *Erie's* murky waters" where, as here, the conflict is instead between a state law and a Federal Rule of Civil Procedure, *Shady Grove*, 559

---

conversion claims, it has heard matters in which a plaintiff brought a Connecticut law replevin claim alongside non-replevin and non-conversion claims. *E.g.*, *Tourmaline Partners, LLC v. Monaco*, No. 3:13-CV-108 (WWE), 2014 WL 4810253, at *1 (D. Conn. Sept. 23, 2014) (claims asserted for replevin, breach of fiduciary duty and duty of loyalty, breach of contract, and violation of state consumer protection acts); *O'Brien v. Rogovin Moving & Storage Co. Inc.*, No. 3:04-CV-1150 (WWE), 2008 WL 4480209, at *1 (D. Conn. Sept. 30, 2008) (claims asserted for replevin, wrongful detention, and violation of state consumer protection act); *D'Amico v. Doe*, No. 3:03-CV-2164 (SRU), 2005 WL 850961, at *3 (D. Conn. Jan. 20, 2005) *on reconsideration sub nom. D'Amico v. John Doe 1*, No. 3:03-CV-2164 (SRU), 2005 WL 840521 (D. Conn. Apr. 11, 2005) (claims asserted for replevin, declaratory judgment, conversion, and fraud).

11

U.S. at 398.  "To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act."  *Hanna*, 380 U.S. at 473-74.

Because Plaintiff may join his claims for replevin, conversion, and negligent infliction of emotional distress, the Court may consider all of those claims in determining whether the amount in controversy is met, including Plaintiff's allegation that he suffered $500,000 in damages as a result of Defendant's alleged negligent infliction of emotional distress.  *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) ("Since the diversity statute confers jurisdiction over "civil actions" rather than specific claims alleged in a complaint, a plaintiff is permitted to aggregate claims in order to satisfy the amount in controversy requirement.").

This Court has dismissed a case where the plaintiff relied on a bald allegation of emotional distress damages to satisfy the amount in controversy requirement.  *Fedor v. Amica Mut. Ins. Co.*, No. 3:01 CV 795 GLG, 2003 WL 77002, at *2 (D. Conn. Jan. 8, 2003).  In *Fedor*, Judge Goettel wrote, "Assertion of emotional distress claims have become routine in Connecticut litigation.  Since they are amorphous and difficult to quantify, they arguably override the monetary requirements of federal jurisdiction.  No authority is cited for this possibility and we do not endorse it."  *Id.*

But *Fedor* was decided before the Second Circuit's decision in *Scherer*, which requires a defendant seeking to dismiss an action for failure to satisfy the amount in controversy to show "to a legal certainty" that the amount recoverable is not sufficient so as "virtually to negative the plaintiff's good faith in asserting the claim."  *Scherer*, 347

F.3d at 397; *see also Braden v. Murphy*, No. 3:11-CV-884 (SRU), 2012 WL 1069188, at *3 (D. Conn. Mar. 29, 2012) (noting that *Fedor* was decided before *Scherer* and holding that defendants "fail[ed] to meet the stringent test for showing that the amount in controversy is insufficient" where plaintiff alleged emotional distress damages). Relying only on his argument that Plaintiff simply cannot maintain an emotional distress claim under § 52-522, Defendant has not shown to a legal certainty that Plaintiff cannot recover more than $75,000 on that claim. While Plaintiff's "allegations leave grave doubt about the likelihood of a recovery" in this matter, "dismissal is not warranted" because Defendant has not made the showing required to rebut the presumption afforded to Plaintiff's allegations. *Scherer*, 347 F.3d at 397.

For the foregoing reasons, Defendant's Rule 12(b)(1) motion is denied.

### C. Rule 12(b)(6) Motion

Defendant moved under Rule 12(b)(6) to dismiss (1) the negligent infliction of emotional distress claim and (2) either the conversion claim or the replevin claim solely on the ground that, under § 52-522, a plaintiff may maintain only a replevin claim or a conversion claim. *Id.* at 4-5. Having concluded that § 52-522 does not apply, the Court denies Defendant's Rule 12(b)(6) motion.

## IV. CONCLUSION

Defendant's Motion to Dismiss (ECF No. 16) is DENIED. SO ORDERED at Bridgeport, Connecticut this twenty-ninth day of June, 2015.

　　　　　　　　　　　　　　　　　　　　/s/ Victor A. Bolden
　　　　　　　　　　　　　　　　　　　　VICTOR A. BOLDEN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE