UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY ALLEGRINO | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | 3:14-cv-01865 (VAB) |
| v. | : | |
| | : | |
| STEVEN SACHETTI | : | NOVEMBER 19, 2015 |
| | : | |
| Defendant. | : | |

## RULING ON MOTION FOR RECONSIDERATION

**I.  INTRODUCTION**

Plaintiff, Anthony Allegrino, filed this action *pro se* seeking replevin of a wooden shipping crate that allegedly is located on the property of Defendant, Steven Sachetti, and that allegedly contains an exhibition poster related to a Jackson Pollock painting that Plaintiff allegedly owns.

Plaintiff sought a prejudgment remedy for replevin of the crate.  The Court issued an order to show cause why an order of replevin should not enter, and Magistrate Judge Martinez held a show cause hearing on January 7, 2015.  Following the hearing, the Court issued an order denying Plaintiff's motion for prejudgment remedy (the "Order").

Plaintiff has moved for reconsideration of the Order.  Plaintiff's motion also objects to the Magistrate Judge's ruling under Federal Rule of Civil Procedure 72(a).  For the reasons that follow, Plaintiff's motion is DENIED.

**II.  STANDARD OF REVIEW**

The standard for granting a motion for reconsideration is "strict."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—

1

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*. "The only permissible grounds on which to grant a motion for reconsideration are: (1) an intervening change in the law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Martin v. Dupont Flooring Sys., Inc.*, No. Civ. A. 3:01-cv-02189 (SRU), 2004 WL 1171208, at *1 (D. Conn. May 25, 2004) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

**III.   DISCUSSION**

Plaintiff does not identify any controlling decisions that the Court overlooked.  Instead, Plaintiff contends that he was unable to present some photographs, purportedly of the crate, during the show cause hearing because those photographs were misplaced at one Vincent Cracolici's house.  Moreover, he maintains that Mr. Cracolici could not appear at the hearing because, two days before the hearing, Mr. Cracolici fell ill with a "heart condition, dangerously high blood pressure, chest pains, and also bouts of bronchitis."  ECF No. 33-1 at 6.

First, the photographs are not newly discovered evidence that was unavailable to Plaintiff before the Order.  Plaintiff maintains that he and Mr. Cracolici took the photographs between October 15, 2014 and November 23, 2014, and they were misplaced at Mr. Cracolici's house sometime in December 2014.  Pl.'s Aff. ¶¶ 4-5; Cracolici Aff. ¶ 12.  Thus, from the time that the photographs were taken until the time that they allegedly were misplaced, they were available to Plaintiff.

Second, Plaintiff contends that Mr. Cracolici's alleged ailments prevented his attendance at the show cause hearing.  Despite the fact that Mr. Cracolici allegedly had witnessed the shipping crate on Defendant's property only weeks before, Cracolici Aff. ¶ 12, Plaintiff did not

2

alert the Court as to Mr. Cracolici's unavailability or the probative value of his testimony, and did not attempt to submit, in lieu of live testimony, an affidavit from Mr. Cracolici attesting to the existence and probative value of these other photographs.

Third, at the hearing, Plaintiff testified about a photograph he allegedly took on November 23, 2014 from a parcel adjacent to Defendant's land.  Tr. Show Cause Hearing at 24-31, ECF No. 21.  He maintained that the shipping crate, and certain of its alleged markings, could be seen in the photograph.  *Id.* at 26-27, 29-31.  The Court found, however, that "no strain of the eyes reveals a shipping crate, much less one bearing the writing that plaintiff described with such specificity."  Order at 10, ECF No. 29.  The photographs that Plaintiff now offers were also allegedly taken in the same time period from a parcel adjacent to Defendant's land.  Pl.'s Aff. ¶ 4.  Despite the alleged existence of this purported clear photographic evidence at the time of the hearing, Plaintiff did not mention its existence to the Court, or attempt to continue the hearing until such time that he could obtain it.  In any event, since these photographs are not newly discovered evidence, *i.e.*, their existence was known at the time of the hearing, they do not provide a basis for reconsidering the Court's previous ruling.

Plaintiff's motion for reconsideration (ECF No. 33) is denied.  As to Plaintiff's objection under Federal Rule of Civil Procedure 72(a), the Court concludes that nothing in the Order was clearly erroneous or contrary to law.

SO ORDERED at Bridgeport, Connecticut this nineteenth day of November, 2015.

  /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

3